**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-CR-30125-DWD-08** |
| | ) | |
| **RICHARD YARBOUGH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER GRANTING EARLY**
**TERMINATION OF SUPERVISED RELEASE**

**DUGAN, District Judge:**

On July 30, 2014, Defendant Richard Yarbough pleaded guilty to conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. He was sentenced to a 70-month term of imprisonment to be followed by a 4-year term of supervised release. He was also ordered to pay a $200.00 special assessment and a $200.00 fine. (Doc. 414). Judgment was entered on February 10, 2015. (Doc. 416). Defendant began serving his term of supervised release in August 2018. Now before the Court is Defendant's motion for early termination of supervised release filed on his behalf by Assistant Federal Public Defender Todd Schultz. (Doc. 680).

Motions for early termination of supervised release are governed by 18 U.S.C. § 3583(e)(1), which allows that, after considering a number of factors, the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release" so long as the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of

justice."[1] According to Yarbough's motion, the Government does not oppose his request for early termination of supervised release. His supervising probation officer, Kelly Macias, confirms that Yarbough's performance on supervised release has been satisfactory, and she does not oppose his request for early termination. Additionally, Yarbough explains that he has paid his special assessment and his fine in full. He currently is employed full-time with Safeway Coatings, an asbestos removal company, and he has been so employed for more than three years.

The Court **FINDS**, pursuant to 18 U.S.C. § 3583(e)(1), that Defendant has completed more than one year of supervised release and that early termination of the remainder of his supervised release is in the interest of justice and is warranted by his post-release conduct. Upon consideration of the factors set forth in 18 U.S.C. § 3553, the Court **GRANTS** Yarbough's motion for early termination of supervised release (Doc. 680), and **ORDERS** that his supervised release be terminated, effective immediately.

**SO ORDERED.**

Dated: May 11, 2021

_____
DAVID W. DUGAN
United States District Judge

---

[1] The federal rules of criminal procedure normally require a hearing before a term of supervised release can be modified, but no hearing is necessary if the person waives the hearing, if the relief sought is favorable to the defendant and won't extend the period of supervised release, or if the United States doesn't object after being given a reasonable opportunity to do so. *See* FED. R. CIV. P. 32.1(c)(1). The relief sought here is favorable and the United States hasn't asked for a hearing. As a result, no hearing is required.